Jones, J.
Since Baldwin, the respondent, had served but two years as county treasurer, the constitutional ineligibility of that official to occupy the office for more than four years in any period of six years (Section 3, Article X) is not involved. Baldwin claims title to the office as a holdover official, by virtue of Section 8, General Code, which reads:
“Sec. 8. A person holding an office of public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the constitution or laws.”
*67 In the absence of supplemental legislation touching the creation and filling of vacancies, Baldwin’s continuance in office, as county treasurer, could be sustained under the provisions of the foregoing section. But the quoted section only vouchsafes his continuation in office “until his successor is elected or appointed and qualified.”
By Section 27, Article II of the State Constitution, the power of filling vacancies, if not otherwise provided by the constitution, must be exercised by legislation upon the subject. Spaulding, the appointee of the county commissioners, maintains that the legislature, comprehending the situation developed by the death of White after the election and his failure to give bond, definitely determined the causes creating a vacancy in that office and provided the method for its filling. The relator accordingly claims title under.the following sections of the Code:
“Sec. 2634. If a person elected to the office of county treasurer fails to give bond as provided in the preceding section, on or before the day of the commencement of his official term, the office shall become vacant.”
“Sec. 2636. When the office of county treasurer becomes vacant by death, removal, resignation, neglect to give bond or other cause, the commissioners shall forthwith appoint a suitable person to fill such vacancy.”
The holding-over claimant ingeniously argues that under Section 8, General Code, there could be no successor and no vacancy, since that section in express terms continued the incumbent in office. *68 This argument ignores the effect of Sections 2634 and 2636, which explicitly create the vacancy and provide for a successor. The former section distinctly stipulates that “if a person, elected to the office of county treasurer fails to give bond * * * the office shall become vacant.”
This language is unequivocal. White was elected to the office of county treasurer and failed to give bond. The law declared that thereby a vacancy occurred, and provided in the following section how it should be filled. When the county commissioners therefore appointed the relator to the office, after the death of White without his giving bond, they acted clearly within their official functions and the appointment was valid. Nor are Sections 2634 and 2636, General Code, inharmonious with Section 8, General Code, for, as already stated, the latter only conferred a continuance of office until a successor was appointed.
In State, ex rel. Poorman, v. County Commissioners, 61 Ohio St., 506, it was held that the failure of a sheriff to give bond, under statutes of similar import, created a vacancy which the commissioners were required to fill by appointment.
The case of State, ex rel. Adams v. Hopkins, 10 Ohio St., 509, gives full support to the view we have taken. There the court had the same vacancy statute under consideration. While the court did refer to the constitutional provision inhibiting a county treasurer from holding office for a period of more than four years in six, that feature was not regarded as dispositive of the case, evidently for the reason that the court was con *69 sidering the strength of the relator’s title rather than the weakness of the respondent’s. Its judgment was obviously based upon the predicate that a vacancy occurred under the statute. Rapp, the treasurer-elect, died after the election, failing to give bond on or before the first day of the term for which he was elected. The court, in a per curiam, held not only that there was a vacancy occasioned by the death of Rapp, but that if it were necessary they would have also held that the office.became vacant by reason of the failure of the treasurer-elect to give bond. This case has been approvingly cited in later Ohio cases. Counsel for respondent insist that the Hopkins case is at variánce with later Ohio decisions, and the court of appeals was evidently of the same opinion, for reliance was placed on the following cases as authority supporting its judgment: State, ex rel. Sheets, Atty. Gen. v. Speidel et al., 62 Ohio St., 156, and State, ex rel. Hoyt, v. Metcalfe, 80 Ohio St., 244.
In the latter case the decision was based upon constitutional provisions governing vacancies, and the statute here was not involved, although the learned judge in his opinion distinguishes the case of Adams v. Hopkins, supra.
In the Speidel case, supra, while a similar statute existed relating to the office of sheriff (Section 2827, General Code), it is not mentioned in the opinion, probably for the reason that Buvinger had died before the close of the polls and therefore the statute was inapplicable. However, Walker, the first appointee, was permitted to retain title by virtue of Section 11, Revised Statutes (now Section *70 10, General Code), which authorized an appointee incumbent to hold the office until his successor was “elected.”
The commissioners of Delaware county, therefore, in assuming that a vacancy occurred by the death of White, who had given no bond, and in appointing Spaulding, made a valid, legal appointment.
The judgment of the court of appeals is reversed and judgment rendered here ordering the ouster of Baldwin and the induction of Spaulding to the office of county treasurer, as prayed for.

Judgment reversed.

Matthias, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.
Nichols, C. J., not participating.